IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

REBECCA L. ARMBRUSTER,           :        CIVIL ACTION
                                 :        No. 14-cv-3026
        Plaintiff,               :
                                 :
    v.                           :
                                 :
CAROLYN W. COLVIN,               :
                                 :
        Defendant.               :


M E M O R A N D U M

EDUARDO C. ROBRENO, J.                    October 12, 2016


        Presently before the Court are the Brief and Statement
of Issues in Support of Request for Review filed by Plaintiff,
Rebecca L. Armbruster ("Plaintiff"), United States Magistrate
Judge M. Faith Angell's Report and Recommendation ("R&R"), and
Plaintiff's objections to the R&R. Plaintiff brought this
action, pursuant to 42 U.S.C. § 405(g), seeking judicial review
of the decision of Carolyn W. Colvin ("Commissioner" or
"Defendant"), acting Commissioner of the Social Security
Administration ("SSA"), denying Plaintiff's application for
Disability Insurance Benefits ("DIB") under Title II of the
Social Security Act, 42 U.S.C. §§ 401-433. Upon consideration of
the administrative record, submitted pleadings, the R&R, and
Plaintiff's objections, the Court will overrule Plaintiff's

1

objections, deny Plaintiff's Request for Review, and adopt the R&R.

## I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

On November 15, 2010, Plaintiff filed an application for DIB, alleging that she had been disabled since June 3, 2010, due to "back problems/lumbar disc protrusion," "hip problems/pain," "knee arthritis/left knee replacement," depression, and diabetes. R. 126-27, 138. Plaintiff was forty-six years old as of her alleged disability onset date. R. 146. She has past relevant work as a cashier at Walmart. R. 66, 69, 139.

The SSA denied Plaintiff's claim on March 2, 2011. R. 80-84. Plaintiff then requested a hearing before an administrative law judge ("ALJ"). R. 85-86. ALJ George C. Yatron held a hearing on June 7, 2012. R. 42-77. Plaintiff and an impartial vocational expert ("VE") testified. Id. A few weeks later, the ALJ issued an unfavorable decision, finding that Plaintiff was not disabled. R. 24-36. Plaintiff requested review by the Appeals Council, which denied her request. R. 7-10.

Plaintiff filed her complaint in the present action on May 30, 2014, seeking judicial review of the ALJ's decision pursuant to 42 U.S.C. § 405(g). ECF No. 3. On October 29, 2015,

---

[1]     Citations to "R." are citations to the administrative record, which is located on the docket at ECF number 6.

Magistrate Judge Angell filed her R&R, recommending that Plaintiff's Request for Review be denied and judgment be entered in favor of Defendant. ECF No. 21. Plaintiff filed objections, ECF No. 22, and the matter is now ripe for disposition.

## II.   STANDARD OF REVIEW

The Court undertakes a de novo review of the portions of the R&R to which Plaintiff has objected. See 28 U.S.C. § 636(b)(1); Cont'l Cas. Co. v. Dominick D'Andrea, Inc., 150 F.3d 245, 250 (3d Cir. 1998). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b)(1).

In reviewing the Commissioner's final determination that a person is not disabled and, therefore, not entitled to Social Security benefits, the Court may not independently weigh the evidence or substitute its own conclusions for those reached by the ALJ. See Burns v. Burnhart, 312 F.3d 113, 118 (3d Cir. 2002). Instead, the Court must review the factual findings presented in order to determine whether they are supported by substantial evidence. See 42 U.S.C. § 405(g); Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir. 2005).

Substantial evidence is that which a "reasonable mind might accept as adequate to support a conclusion." Rutherford, 399 F.3d at 552 (quoting Reefer v. Barnhart, 326 F.3d 376, 379

3

(3d Cir. 2003)). "It is 'more than a mere scintilla but may be somewhat less than a preponderance of the evidence.'" Id. (quoting Ginsburg v. Richardson, 436 F.2d 1146 (3d Cir. 1971)). If the ALJ's decision is supported by substantial evidence, the Court may not set it aside "even if [it] would have decided the factual inquiry differently." Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999). "A single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence . . . or if it really constitutes not evidence but mere conclusion." Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983).

An ALJ uses a five-step inquiry to determine if a plaintiff is entitled to benefits. A plaintiff must first establish that (1) she is not engaged in any substantial gainful activity, and (2) she suffers from a severe impairment. Jesurum v. Sec'y of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995) (citing Bowen v. Yuckert, 482 U.S. 137, 140-41 (1987)). If the plaintiff satisfies these two elements, the ALJ determines (3) whether the impairment is equivalent to an impairment listed in 20 C.F.R. pt. 404, Subpt. P, App. 1, which creates a presumption of disability. Id. If not, the plaintiff must prove that (4) the impairment nonetheless prevents her from performing

4

work that she has performed in the past. Id. The relevant inquiry is "whether the claimant retains the residual functional capacity to perform her past relevant work." Fargnoli v. Massanari, 247 F.3d 34, 39 (3d Cir. 2001). If the plaintiff proves she does not, the ALJ must grant her benefits unless the ALJ can demonstrate (5) that, considering plaintiff's residual functional capacity ("RFC"), age, education, and work experience, there are jobs available in significant numbers in the national economy that the plaintiff can perform. Jesurum, 48 F.3d at 117 (citing Ferguson v. Schweiker, 765 F.2d 31, 37 (3d Cir. 1985)).

## III. THE ALJ'S DECISION

Using the five-step inquiry described above, the ALJ determined that Plaintiff was not disabled.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset of her disability. R. 26.

At step two, the ALJ found that Plaintiff suffered from the following severe impairments: osteoarthritis and allied disorders, diabetes mellitus, obesity, status post left knee replacement, and mood disorders. Id.

At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal the severity of one

of the impairments listed in 20 C.F.R. pt. 404, Subpt. P, App. 1. R. 26-30.

At step four, the ALJ found that Plaintiff had the RFC to perform a limited range of sedentary work as defined in 20 C.F.R. § 404.1567(a). R. 30. Specifically, the ALJ found that Plaintiff was able to lift up to twenty pounds, and could stand and walk for two hours in an eight-hour day and sit for six hours or more; that she was precluded from work involving detailed instructions; that she was unable to work around hazardous machinery, excessive pollutants, or at heights; that her work could not include climbing or overhead reaching; and that she required work that allowed for a sit/stand option. R. 30-34. The ALJ further found that Plaintiff was unable to perform any of her past relevant work. R. 34.

At step five, relying on the testimony of the VE, the ALJ found that, considering Plaintiff's age, education, work experience, and RFC, there were jobs available in significant numbers in the national economy that claimant could perform. R. 35. Such jobs included food and beverage order clerk, call out operator, and surveillance system monitor. Id. The ALJ thus found that Plaintiff was not disabled. R. 36.

IV.  **DISCUSSION**

In her objections to the Magistrate Judge's R&R, Plaintiff raises two main arguments. First, she contends that the Magistrate Judge erred in concluding that the ALJ provided an adequate explanation for rejecting the opinions of her two treating physicians: (1) Dr. Hermine Stein, her primary care physician; and (2) Dr. John D. Casey, her treating orthopedist. Second, she contends that the Magistrate Judge erred in finding that the ALJ's RFC assessment was supported by substantial evidence. Each argument is analyzed below.

A.   The Opinions of the Treating Physicians

As a general rule, the opinions of treating physicians "should be accorded great weight, especially when their opinions reflect expert judgment based on a continuing observation of the patient's condition over a prolonged period of time." Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999) (internal quotation marks omitted). More precisely, the treating physician's opinion is given controlling weight where "the nature and severity of [the claimant's] impairment(s) [are] well-supported by medically acceptable clinical and laboratory diagnostic techniques and [are] not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2). "An ALJ may reject a treating physician's opinion outright only on the basis

of contradictory medical evidence, but may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided." Plummer, 186 F.3d at 429. Ultimately, the decision whether a claimant is disabled is reserved to the Commissioner, and "[a] statement by a medical source that [a claimant is] 'disabled' or 'unable to work' does not mean that [the SSA] will determine that [the claimant] is disabled." 20 C.F.R. § 404.1527(d)(1).

Form reports in which a physician's obligation is only to check a box or fill in a blank are "weak evidence at best." Mason v. Shalala, 994 F.2d 1058, 1065 (3d Cir. 1993). "[W]here these so-called 'reports are unaccompanied by thorough written reports, their reliability is suspect.'" Id. (quoting Brewster v. Heckler, 786 F.2d 581, 585 (3d Cir. 1986)). This is especially true where they conflict with a treating physician's notes and other reports. Cf. Brewster, 786 F.2d at 585. With these rules in mind, the Court turns to Plaintiff's arguments concerning the opinions of Dr. Stein and Dr. Casey.

### 1.   Dr. Hermine Stein

Plaintiff argues that the ALJ erred by not accepting the opinion of her treating physician, Dr. Stein, as recorded on a May 2, 2011, physical capacities evaluation check-box form. In the evaluation, Dr. Stein opined that Plaintiff could sit for

one hour in an eight-hour day; could stand/walk for less than
one hour in an eight-hour day; required a sit/stand option; had
no limitations with simple grasping, pushing and pulling, and
fine manipulation of items with "limited weight;" could not
operate foot controls; could occasionally lift up to ten pounds;
could not climb, balance, stoop, kneel, crouch, or crawl; could
occasionally reach above shoulder level; could not work at
unprotected heights; and required moderate restrictions in
relation to moving machinery and marked changes in temperature.
R. 481-82.

     In addition, Dr. Stein provided that Plaintiff
suffered from fatigue due to "orthopedic problems/peripheral
neuropathy requiring Gabapentin and Vicodin." R. 482. Dr. Stein
checked the box indicating that Plaintiff experienced "pain
disabling to the extent that it would prevent [her] from working
full time at even a sedentary position." R. 483.

     In a mental RFC assessment check-box form, also dated
May 2, 2011, Dr. Stein concluded that Plaintiff was markedly
limited in her ability to understand and remember detailed
instructions; carry out detailed instructions; maintain
attention and concentration for extended periods; perform
activities within a schedule, maintain regular attendance, and
be punctual within customary tolerances; complete a normal
workday and work week without interruptions from psychologically

based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; travel in unfamiliar places or use public transportation; and set realistic goals or make plans independently of others. R. 485-87.

Dr. Stein described Plaintiff as moderately limited in the following areas: ability to understand and remember very short and simple instructions; ability to sustain an ordinary routine without special supervision; ability to work in coordination with or proximity to others without being distracted by them; ability to interact appropriately with the general public; ability to accept instructions and respond appropriately to criticism from supervisors; ability to get along with coworkers and peers without distracting them or exhibiting behavioral extremes; ability to respond appropriately to changes in the work setting; and the ability to be aware of normal hazards and take appropriate precautions. Id.

The ALJ considered Dr. Stein's opinion and concluded that:

> [w]hile Dr. Stein is recognized as claimant's treating source, limited weight is accorded to the physical assessment provided as the limitations cited are not well supported by Dr. Stein's treatment notes of record and they exceed what the diagnostic and clinical findings of record (discussed herein) could reasonably expect to produce. As to the mental health limitations, no significant weight is given to Dr. Stein's assessment as this field of medicine is

10

> outside of Dr. Stein's area of expertise. Moreover, if such an assessment were found persuasive, one would expect the claimant to have more intense treatment provided by a mental health specialist.

R. 33. Earlier in the decision, the ALJ summarized and discussed, over several pages, various medical records concerning Plaintiff's physical impairments, including x-rays and MRI results, physicians' notes, physical therapy notes, and medical evaluation reports. R. 26-28; 31-32.

In her R&R, the Magistrate Judge disagreed with Plaintiff that the ALJ's reasoning regarding the weight he gave to Dr. Stein's evaluation was too vague for judicial review. The Magistrate Judge acknowledged that an ALJ must provide some explanation for rejecting evidence, citing Brewster, 786 F.2d at 585, and found that the ALJ had met that obligation. R&R at 9, 12. The Magistrate Judge concluded, citing to specific records, that substantial evidence supported the ALJ's finding that the May 2, 2011, evaluation was not bolstered by Dr. Stein's treatment notes. R&R at 10-12. Ultimately, the Magistrate Judge concluded that "the ALJ did not reject the opinion of plaintiff's treating source – one delivered in a format considered 'weak evidence at best' – but rather gave it lengthy consideration and found it inconsistent enough with the other aspects of the record to afford it 'limited weight.'" R&R at 12.

In her Objections, Plaintiff again argues that the ALJ failed to provide sufficient explanation regarding which elements of Dr. Stein's treatment notes failed to support the May 2, 2011 evaluation, allegedly "leaving this Court with no way to evaluate whether the ALJ's rationale is supported by substantial evidence." Objections at 3-4, ECF No. 22.

The ALJ primarily gave low weight to the May 2, 2011, evaluation because it was not supported by Dr. Stein's notes or the diagnostic and clinical findings in the records. R. 33. A review of those notes and records shows that the ALJ's conclusion is supported by substantial evidence. Indeed, the Magistrate Judge detailed such records in her R&R, including those indicating that Plaintiff left work because of stress rather than pain and that a series of x-rays showed impairments that were not disabling. R&R at 11-12 (citing R. at 291, 295, 298, 310, 315, 330, 333-44, 565-571).[2]

_____

[2]     Plaintiff also asserts that the Magistrate Judge erred by substituting new rationale, which had not been raised by the ALJ, to support the ALJ's conclusion. A court must review the ALJ's decision based on his or her stated rationale and must not generate post hoc reasoning to support it. Fargnoli, 247 F.3d at 44 n.7 (citing SEC v. Chenery Corp., 318 U.S. 80 (1943)). Specifically, Plaintiff contends that while the ALJ stated that Dr. Stein's notes did not support her May 2, 2011, evaluation, the Magistrate Judge went beyond the ALJ's reasoning by citing to specific examples in those notes that supported the ALJ's statement.

    The Court concludes that the Magistrate Judge did not provide a new reason for giving the evaluation limited weight.

The Court agrees with the Magistrate Judge's assessment and adopts her conclusion that the ALJ provided a sufficient explanation for discounting Dr. Stein's evaluation. Adorno v. Shalala, 40 F.3d 43, 48 (3d Cir. 1994) (providing that "[t]he Secretary must provide some explanation for a rejection of probative evidence which would suggest a contrary disposition"); Cotter v. Harris, 642 F.2d 700, 706 (3d Cir. 1981). Thus, the Court finds that the ALJ's assessment is supported by substantial evidence and overrules Plaintiff's objection.

2.   Dr. John D. Casey, Jr.

Plaintiff also argues that the ALJ erred in failing to give controlling weight to the May 4, 2011, physical capacities evaluation check-box form filled in by Dr. Casey, her treating orthopedist. In that evaluation, Dr. Casey indicated that Plaintiff could sit for two hours out of an eight-hour day; could stand and walk for one hour; required a sit/stand option; could not use her left foot to operate foot controls; could occasionally lift up to ten pounds; could not climb, stoop,

---

Instead, she merely provided specific examples supporting the ALJ's stated rationale. The Court notes that the ALJ need not provide a "written evaluation of every piece of evidence," "as long as the ALJ articulates at some minimum level her analysis of a particular line of evidence." Phillips v. Barnhart, 91 F. App'x 775, 780 n.7 (3d Cir. 2004) (citing Green v. Shalala, 51 F.3d 96, 101 (7th Cir. 1995)).

kneel, crouch, or crawl and could only occasionally balance; should avoid unprotected heights; and had a severe restriction to being around moving machinery and moderate restrictions regarding marked changes in temperature and humidity, and regarding driving; and that, due to bone infarcts in her left tibia, Plaintiff's pain was so disabling that it "prevent[ed] the patient from working full time at even a sedentary position." R. 492-94. Dr. Casey also opined that Plaintiff's pain and the side effects of her medication produced a severe effect on her attention and concentration. R. 495.

In his decision, the ALJ described these findings and gave

> [s]ignificant but limited weight [ ] to Dr. Casey's assessment of claimant's exertional restrictions and only to the extent they are consistent with the clinical findings and diagnostic studies of record, discussed in detail herein. No significant weight is given to Dr. Casey's mental health limitations noted as this field of medicine is also outside his area of expertise.

R. 34.

In the R&R, the Magistrate Judge rejected Plaintiff's argument that the ALJ's reasoning regarding Dr. Casey's evaluation was not sufficiently specific. She explained that the ALJ offered a lengthy discussion of the medical evidence and then later referenced this discussion when describing the weight he gave to the May 4, 2011, evaluation. R&R at 12-13. The

Magistrate Judge asserted that by referencing the earlier discussion of the evidence in explaining the weight given to the evaluation, "the ALJ did not foreclose meaningful judicial review." R&R at 13 (citing Caruso v. Comm. of Soc. Sec. Admin., 99 F. App'x 376 (3d. Cir. 2004)). The Magistrate judge then cited to various clinical findings and diagnostic studies that supported the ALJ's decision. Id.

Plaintiff again argues that the ALJ's stated reasoning for the weight he gave Dr. Casey's evaluation is inadequate, citing, inter alia, Cotter, 642 F.2d 700. Plaintiff asserts that "there are clinical findings and diagnostic studies of record that support Dr. Casey's opinions and others that might support a rejection of the opinions, but the ALJ fails to provide any explanation for which evidence he accepts and which evidence he rejects." Objections at 5.

The Court agrees with the Magistrate Judge's assessment and adopts her conclusion that the ALJ's decision regarding Dr. Casey's evaluation is supported by substantial evidence and can receive meaningful judicial review. The Court disagrees with Plaintiff that the ALJ failed to adequately describe which findings supported his decision regarding Dr. Casey.

Before specifically discussing Dr. Casey's May 4, 2011, evaluation, the ALJ cited and summarized evidence that

15

supported his decision. For example, the ALJ noted that after
left knee replacement surgery performed by Dr. Casey, Plaintiff
was "doing really well." R. 26. He also reviewed many X-rays,
MRIs, EMGs, and doctors' reports, which exhibited results not
entirely consistent with Dr. Casey's opinion. R. 26-28, 32. The
Court concludes that the discussion of this evidence, which the
ALJ specifically stated he relied upon in giving Dr. Casey's
evaluation significant but limited weight, was sufficient for
the purposes of reviewing the reasoning behind his decision and
amounts to substantial evidence in support thereof.[3] As a result,

---

[3]    As with Dr. Stein, Plaintiff further asserts that the
Magistrate Judge cited to evidence, in support of the ALJ's
conclusion regarding Dr. Casey's opinion, which the ALJ did not
specifically cite, in violation of Chenery and its progeny. The
Court rejects this argument. On page thirteen of the R&R, the
Magistrate Judge discusses several records that are not
consistent with Dr. Casey's assessment, including those found in
Exhibits 8F (records from Dr. Nato Patel), 16F (records from
VSAS Orthopaedics), and 18F (records from Dr. Casey). The ALJ
also discussed these exhibits and then incorporated that
discussion into his conclusions regarding Dr. Casey. R. 27, 32,
34. While the ALJ and the Magistrate Judge did not necessarily
highlight the same parts of these records, it is clear that they
examined and relied upon the same documents. The Court disagrees
that the Magistrate Judge's discussion of this evidence amounted
to new grounds not relied upon by the ALJ in violation of
Chenery. See Phillips, 91 F. App'x at 780 n.7 (providing that
"the ALJ's mere failure to cite specific evidence does not
establish that the ALJ failed to consider it") (citing Black v.
Apfel, 143 F.3d 383, 386 (8th Cir. 1998)). Instead, as with Dr.
Stein, the Magistrate Judge merely provided support for a ground
relied upon by the ALJ. See n.2.

       Plaintiff also points out that while the Magistrate
Judge asserts that "[i]n his recitation of Dr. Casey's findings,
the ALJ noted that the findings were based primarily on

the Court overrules Plaintiff's objections regarding the ALJ's treatment of Dr. Casey.

B.  <u>The Adequacy of the ALJ's RFC Assessment</u>

Plaintiff argues that the ALJ's RFC assessment had no factual basis in the record because he rejected the opinions of Drs. Stein and Casey, as well as that of the State Agency physician, Dr. Mary Ryczak, leaving no medical opinion on which to base his assessment. Instead, Plaintiff contends that the ALJ merely substituted his own medical opinion for those in the record. Plaintiff primarily cites <u>Doak v. Heckler</u>, 790 F.2d 26 (3d Cir. 1986) as support for his argument.

In <u>Doak</u>, the record contained reports from three physicians: (1) the plaintiff's treating physician, who opined that the plaintiff was totally disabled; (2) an examining orthopedic surgeon from the State Agency who found that the plaintiff could perform sedentary work; and (3) an examining internist from the State Agency who made no work evaluation. 790 F.2d at 28-29. Despite these opinions, the ALJ nonetheless found that the plaintiff had the RFC to perform light work. <u>Id.</u> at 27.

---

plaintiff's subjective complaints of pain," R&R at 12, the ALJ did not actually make that finding. Plaintiff appears to be correct. Thus, the Court does not accept or rely upon this particular notation in the R&R. <u>See</u> <u>Fargnoli</u>, 247 F.3d at 44 n.7 (citing <u>Chenery</u>, 318 U.S. 80).

The Third Circuit Court of Appeals held that because "[n]o physician suggested that the activity Doak could perform was consistent with the definition of light work," "the ALJ's conclusion that he could [perform light work] [was] not supported by substantial evidence." Id. at 29. Plaintiff also cites Kent v. Schweiker, 710 F.2d 110 (3d Cir. 1983), for the same proposition. Like in Doak, the Court of Appeals in Kent found that since all of the medical opinions in the record indicated that the plaintiff was disabled, the ALJ erred in finding that she could perform sedentary work, as no evidence in the record supported that conclusion. Id. at 112-15.

First, contrary to Plaintiff's suggestion, the ALJ in this case did not reject any of the three physicians' reports. Instead, he gave them all various amounts of weight. The weight he gave to the opinions of Drs. Stein and Casey has been described above. Regarding Dr. Ryczak's March 2011 RFC assessment, the ALJ noted that Dr. Ryczak opined that "the claimant retained the residual functional capacity to perform light exertion level work with a limitation in use of lower extremities for pushing/pulling and with claimant's postural movements limited to occasionally." R. 32; see R. 441-46.

The ALJ gave limited weight to this assessment because "it was made without benefit of the additional evidence received at the hearing level," citing S.S.R. 96-6p. Id. Thus, unlike

both Doak and Kent, there was supporting evidence in the record, including an opinion which, if fully accepted, supported a less restrictive RFC than that assessed by the ALJ. This is a distinguishing factor which takes this case out of the realm of cases where no evidence supported the ALJ's RFC assessment.

In the R&R, the Magistrate Judge stated correctly that there "is no legal rule that requires an ALJ to base his or her RFC determination on a specific medical assessment, even when that assessment is accorded great weight." R&R at 14 (citing Mays v. Barnhart, 78 F. App'x 808, 813 (3d Cir. 2003)). Instead, the ALJ must base his or her RFC assessment upon all of the relevant evidence. 20 C.F.R. § 404.1545(a)(3) ("We will assess your residual functional capacity based on all of the relevant medical and other evidence in your case record."); 20 C.F.R. § 404.1527(d)(3) (providing that a physician's opinion on issues reserved for the Commissioner, such as the RFC assessment, are "not give[n] any special significance"). Doak does not change these provisions.

The Magistrate Judge concluded that it was apparent that the ALJ based the RFC upon the entire record, "articulat[ing] clear reasons for the respective weights he assigned these doctors' opinions," such that "the ALJ gave a proper, measured assessment of plaintiff's RFC." R&R at 15. The Magistrate Judge also distinguished Doak on the basis that one

of the evaluating physicians in this case assessed an RFC higher than that ultimately assessed by the ALJ. Id.

Plaintiff argues that the Magistrate Judge erroneously believed that Mays, a non-precedential opinion, overruled Doak. Objections at 8-9. The Court disagrees with this assessment. As stated, Doak is distinguishable from this case and, in any event, is not at odds with Mays. Instead, Mays resembles this case in that the plaintiff argued, as Plaintiff does here, that the ALJ's RFC assessment was unsupported because "no expert medical opinion indicat[ed] that [the plaintiff] possessed a residual functional capacity to perform" a specific level of work. Mays, 78 F. App'x at 813. The Court of Appeals disagreed and noted that "the ALJ is responsible for making a residual functional capacity determination based on the medical evidence, and he is not required to seek a separate expert medical opinion." Id. The Court of Appeals concluded that the evidence was sufficient to support the ALJ's RFC assessment and that it was proper for the ALJ to credit the plaintiff's treating physician's notes over a physician's report that was generated long after the plaintiff's dates of last insurance. Id.

As a result, the Court adopts the Magistrate Judge's conclusions regarding this issue and overrules Plaintiff's objection thereto.

## V.    CONCLUSION

For the reasons provided above, the Court adopts the conclusions found in the Magistrate Judge's R&R and overrules Plaintiff's objections thereto. The Court will deny Plaintiff's Request for Review and will enter judgment in favor of Defendant.

An appropriate order follows.